IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO.: 2:18-1022 |
| ) | |
| ) | 18 U.S.C. § 1343 |
| -versus- ) | 18 U.S.C. § 1349 |
| ) | 18 U.S.C. § 1951 |
| ) | 18 U.S.C.  1956(h) |
| **DAVID PAUL DEMPSEY** ) | 18 U.S.C. § 981(a)(1)(C) |
| **EDGAR JERMAINE HOSEY** ) | 18 U.S.C. § 982(a)(1) |
| ) | 28 U.S.C. § 2461(c) |
| ) | |
| ) | **INDICTMENT** |
| ) | **(UNDER SEAL)** |

**COUNT 1**
(Conspiracy to Commit Wire Fraud)

THE GRAND JURY CHARGES:

1.    From in or about April 2017 through at least December 2017, in the District of
South Carolina and elsewhere, the Defendants, **DAVID PAUL DEMPSEY and EDGAR
JERMAINE HOSEY**, and others known and unknown to the Grand Jury, knowingly and willfully
and with intent to defraud, combined, conspired, confederated, and agreed together to execute and
attempt to execute a scheme and artifice to defraud by means of false and fraudulent pretenses,
representations, and promises, and for the purpose of executing and attempting to execute the
scheme transmitted and caused to be transmitted by means of wire communications in interstate
commerce, writings, signs, and signals in violation of Title 18, United States Code, Sections 1343
and 1349.

MANNER AND MEANS OF THE CONSPIRACY

At all times relevant to the conspiracy:

2.    **DAVID PAUL DEMPSEY** was a prisoner at the South Carolina Department of

1

Corrections (SCDC).

3. **EDGAR JERMAINE HOSEY** lived in Aiken, S.C., and he communicated with **DEMPSEY** regularly during the conspiracy.

4. **DEMPSEY** and others known and unknown to the Grand Jury, smuggled smartphones into the SCDC in violation of state law. These smartphones contained features such as personal computers, telephones, digital cameras and videos, and Wi-Fi Internet Access.

5. Using the Internet access on the smartphones, **DEMPSEY** and other inmates at SCDC orchestrated a scheme to defraud members of the United States Military by means of wire communications in interstate commerce.

6. It was part of the scheme that **DEMPSEY**, using a smartphone, joined Internet dating websites and posed as a young woman who was seeking a romantic relationship. On the dating websites, **DEMPSEY** targeted young men who were in the military.

7. After meeting military members on the dating websites, **DEMPSEY** texted nude pictures of young women that he obtained from the Internet. It was part of the scheme that **DEMPSEY** claimed these nude pictures were of the woman that he was impersonating on the dating website. After **DEMPSEY** texted nude pictures, he asked the military members to text nude pictures and other personal information in return.

8. It was further part of the scheme that after exchanging nude pictures and other personal information, **DEMPSEY** called the military members and claimed to be the young woman's father. **DEMPSEY** told the military members that his "daughter" was a minor and not 18 or 19-years-old as listed on the dating website. **DEMPSEY** then threatened to notify law enforcement that the military member was exchanging nude pictures with a minor unless the military member paid money. **DEMPSEY** claimed that the money was needed to replace the

computer or to pay medical bills for the trauma that his "underage daughter" suffered from the sexually explicit text messages. In some instances, other inmates at SCDC who conspired with **DEMPSEY** called the military members posing as a family member and threatened them with arrest unless they paid additional money.

9.     **DEMPSEY** directed the military members to wire money by means of wire communications in interstate commerce via Western Union, MoneyGram, PayPal, and Walmart to individuals in South Carolina.

10.     It was further part of the scheme that **DEMPSEY** recruited **HOSEY** and others to retrieve the money that was wired by the military members. **DEMPSEY** instructed the military members to wire the money to **HOSEY** and others in South Carolina.

11.     After retrieving the wired money, **HOSEY** and others transferred the money to **DEMPSEY** and other inmates at **DEMPSEY'S** direction. **HOSEY** and others sometimes took some of the proceeds for their role in the conspiracy.

12.     Due to this conspiracy to commit wire fraud, **DEMPSEY** fraudulently obtained more than $12,730.00 from service members who lived in states across the country.

All in violation of Title 18, United States Code, Sections 1343 and 1349.

3

## COUNT 2
(Money Laundering)

THE GRAND JURY FURTHER CHARGES:

From in or about May 2016 through at least December 2017, in the District of South Carolina and elsewhere, the Defendants, **DAVID PAUL DEMPSEY and EDGAR JERMAINE HOSEY,** knowingly and willfully combined, conspired, and agreed with each other and with others, both known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is, the wire fraud described in Count 1, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and further knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the property, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 3
(Extortion)

THE GRAND JURY FURTHER CHARGES:

In or about May 2017, in the District of South Carolina and elsewhere, the Defendant, **DAVID PAUL DEMPSEY**, did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, Section 1951, in that **DAVID PAUL DEMPSEY** obtained the money of C.S., with his consent, induced by the wrongful use of actual and threatened force, violence, and fear, including fear of economic loss and employment termination, as described in Count 1.

In violation of Title 18, United States Code, Section 1951.

4

## COUNT 4
(Extortion)

THE GRAND JURY FURTHER CHARGES:

In or about April 2017, in the District of South Carolina and elsewhere, the Defendant, **DAVID PAUL DEMPSEY**, did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, Section 1951, in that **DAVID PAUL DEMPSEY** obtained the money of C.B., with his consent, induced by the wrongful use of actual and threatened force, violence, and fear, including fear of economic loss and employment termination, as described in Count 1.

In violation of Title 18, United States Code, Section 1951.

## COUNT 5
(Extortion)

THE GRAND JURY FURTHER CHARGES:

In or about May and June 2017, in the District of South Carolina and elsewhere, the Defendant, **DAVID PAUL DEMPSEY**, did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, Section 1951, in that **DAVID PAUL DEMPSEY** obtained the money of K.S., with his consent, induced by the wrongful use of actual and threatened force, violence, and fear, including fear of economic loss and employment termination, as described in Count 1.

In violation of Title 18, United States Code, Section 1951.

## COUNT 6
(Extortion)

THE GRAND JURY FURTHER CHARGES:

In or about April 2017, in the District of South Carolina and elsewhere, the Defendant, **DAVID PAUL DEMPSEY**, did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, Section 1951, in that **DAVID PAUL DEMPSEY** obtained the money of C.S., with his consent, induced by the wrongful use of actual and threatened force, violence, and fear, including fear of economic loss and employment termination, as described in Count 1.

In violation of Title 18, United States Code, Section 1951.

## COUNT 7
(Extortion)

THE GRAND JURY FURTHER CHARGES:

In or about May 2017, in the District of South Carolina and elsewhere, the Defendant, **DAVID PAUL DEMPSEY**, did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, Section 1951, in that **DAVID PAUL DEMPSEY** obtained the money of C.C., with his consent, induced by the wrongful use of actual and threatened force, violence, and fear, including fear of economic loss and employment termination, as described in Count 1.

In violation of Title 18, United States Code, Section 1951.

## FORFEITURE

CONSPIRACY TO COMMITT WIRE FRAUD/EXTORTION:

Upon conviction for violation of Title 18, United States Code, Sections 1343, 1349 and 1951, as charged in this Indictment, the Defendants, **DAVID PAUL DEMPSEY** and **EDGAR JERMAINE HOSEY**, shall forfeit to the United States any property, real or personal, which constitutes or is derived from any proceeds the Defendants obtained, directly or indirectly, as the result of such violation, and any property traceable to such property.

MONEY LAUNDERING:

Upon conviction for violation of Title 18, United States Code, Section 1956 as charged in this Indictment, the Defendants, **DAVID PAUL DEMPSEY** and **EDGAR JERMAINE HOSEY**, shall forfeit to the United States any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, as charged in the Indictment, or any property traceable to the offense.

PROPERTY:

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendants for offenses charged in this Indictment includes, but is not limited to the following:

FORFEITURE JUDGMENT/ PROCEEDS:

A sum of money equal to all proceeds the Defendants obtained directly or indirectly as the result of the offenses charged in the Indictment and all interest and proceeds traceable thereto.

FORFEITURE JUDGMENT/MONEY LAUNDERING:

A sum of money equal to all property involved in the money laundering offenses charged in the Indictment, and all interest and proceeds traceable thereto.

7

SUBSTITUTE ASSETS:

     If any of the property described above, as a result of any act or omission of the

Defendants:

          a. cannot be located upon the exercise of due diligence;

          b. has been transferred or sold to, or deposited with, a third party;

          c. has been placed beyond the jurisdiction of the court;

          d. has been substantially diminished in value; or

          e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section

853(p) as incorporated by 18 U.S.C. § 982 (b)(1), to seek forfeiture of any other property of the

said Defendants up to the value of the above forfeitable property.

     Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title

28, United States Code, Section 2461(c).

A    TRUE      BILL

SHERRI A. LYDON (el)
UNITED STATES ATTORNEY

8